UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
THE SOUTH AFRICAN BREWERIES
PTY. LTD. F/K/A SOUTH AFRICAN
BREWERIES LIMITED                                              Docket No.

                      Plaintiff,

    - against –                                                        Civ.

ATLANTIC ENERGY NAVIGATION
LTD.,

                    Defendants.
--------------------------------------------------------X

## VERIFIED COMPLAINT FOR
## DECLARATORY JUDGMENT

    Plaintiff THE SOUTH AFRICAN BREWERIES PTY. LTD. f/k/a SOUTH AFRICAN BREWERIES LIMITED (hereinafter "SAB"), by its attorneys Hill Rivkins LLP, complaining of the above-named defendant, alleges,.

    1.  At and during all the times hereinafter mentioned, plaintiff SAB was and now is a private corporation organized and existing under the laws of the Republic of South Africa, with its office in place of business at 65 Park Lane, Sandton, South Africa

    2.  Upon information and belief, at and during all the times hereinafter mentioned, defendant ATLANTIC ENERGY NAVIGATION LTD (hereinafter "AEN") was a now is a foreign corporation with an office in place of business at 12/13 Strait Street, Valetta, Malta, and was the owner of the M/V Atlantic Navigator (hereinafter the "Vessel").

3.  On May 12, 2014 defendant AEN entered this jurisdiction by appointing the Wanchoo Law Offices as its agent to demand arbitration and to appoint an arbitrator to proceed with arbitration in New York pursuant to the Rules of the Society of Maritime Arbitrators.

4.  This is an admiralty and maritime claim pursuant to FED. R. OF CIV. P. 9 (h), and this Court has subject matter jurisdiction by virtue of 28 USC §1333.  Venue is proper under 28 USC §1391(b)(2), (b)(3)  and (c)(3) () in that defendant AEN is a foreign corporation and has demanded arbitration and has appointed its arbitrator for said arbitration to take place in New York.

5.  An actual justiciable controversy exists between the parties to this action regarding their rights and obligations with respect to prosecuting a cargo claim presently pending against the Vessel in South Africa, and the allegation by defendant that said claim should be resolved in arbitration in New York, which controversy may be determined by a judgment of this Court pursuant to the Declaratory Judgment Act 28 USC §2201.

6.  SAB is entitled to a judgment declaring that it has no obligation to arbitrate the cargo dispute in New York or, in the alternative, that any such obligation has been waived by the prior conduct of defendant AEN.

### THE FACTS

7.  Between August 3 and August 5, 2008, at the port of Montréal, Canada,  Canada Malting Co., Limited loaded cargoes of malt aboard the M/V Atlantic Navigator (hereinafter the "Vessel") for carriage and delivery to SAB at Durban, South Africa.

8.  After loading of the cargo, two bills of lading were issued on behalf of the Master of the Vessel, copies of which bills of lading are annexed hereto as Exhibit 1(a)  and 1(b).

9. When the Vessel arrived at Durban, South Africa, the cargo was discharged and delivered to plaintiff SAB in a damaged condition, causing SAB a loss in excess of US $4.5 million.

10. Accordingly, on September 12, 2008 SAB instituted a law suit in the High Court of South Africa, Durban and Coast Local Division against the M/V Atlantic Navigator *in rem*, (hereinafter the "South African Litigation") and obtained an arrest of the Vessel, which arrest was released upon the posting of security in the amount of US $4,500,000.

11. in the South African Litigation complaint, SAB alleged, among other things, that it is a South African enterprise, carrying on business in South Africa; and that it was the named consignee under the bills of lading.  Section 3 of the Carriage of Goods Act 1 of 1986 (hereinafter South African COGSA) which applies to the exclusion of any arbitration clause in the charter party.

12. Section 3(1) of South African COGSA reads, in relevant part, as follows:

> (1) Notwithstanding any purported ouster of jurisdiction, exclusive jurisdiction clause or agreement to refer any dispute to arbitration, and notwithstanding the provisions of the Arbitration Act, 1965 (Act 42 of 1965), and of section 7 (1) (b) of the Admiralty Jurisdiction Regulation Act, 1983 (Act 105 of 1983), any person carrying on business in the Republic and the consignee under, or holder of, any bill of lading, waybill or like document for the carriage of goods to a destination in the Republic or to any port in the Republic, whether for final discharge or for discharge or for discharge for further carriage, may bring any action relating to the carriage of the said goods or any such bill of lading, waybill or document in a competent court in the Republic.

13. After filing and serving the complaint, SAB applied for and was granted access to inspect the Vessel in question (September 2008); SAB demanded that defendant Vessel and AEN produce certain documents relative to SAB's claim (September 2008); thereafter, SAB amended its summons (August 2009) and filed its full particulars to the complaint (September 2009).

Complaint                                                                                                        3

14. Defendant then filed its answer to the complaint in the South African Litigation, and SAB replicated in February 2010.  In September 2010 the parties first applied for a trial date, and in July 2012 the case was allocated dates and set down initially for trial to begin in October 2013.

15. Throughout this time the parties conducted disclosure such as the mutual discovery and production of documents  (from December 2012), formal requests for further particulars designed to prepare for trial (June 2013) and replies to those requests (July 2013).  Thereafter followed the mutual briefing of several experts on notice and the mutual exchange of expert reports on issues such as liability for the damage to the cargo (from September 2013).  In October  2013, defendant amended an its plea to SAB's claim and the parties held numerous meetings to prepare for trial (July 2013 and April 2014culminating in the reciprocal notices to produce further documents for purposes of trial (December 2013) and the production of those documents (April 2014).

16. Other than refer to the  arbitration clause in its plea, AEN did nothing to enforce that arbitration clause.  Indeed, had it wanted to do so, defendant AEN could have petitioned the South African Court to stay the litigation against the vessel to the extent it sought to enforce rights granted under the charter party.

17. Thus, from December 2009 until May 12 2014, defendant AEN neither sought to enforce arbitration of the cargo claim in New York nor appointed its arbitrator in accordance with the Rules of the Society of Maritime Arbitrators.

18. Significantly, the one instance in which defendant AEN, together with its alleged agent CASL Malta, Ltd., actually commenced arbitration proceedings against SAB in New York, their claim was specifically limited to the recovery of demurrage and certain vessel "trimming" charges allegedly due and owing to AEN/CASL.  That arbitration was begun in 2008, well within the one

year COGSA statute of limitations, and remained active until the demurrage and "trimming" charges were settled in October 2010; yet during that almost two year period, neither AEN nor CASL ever demanded that the cargo claim be made part of the arbitration.

19. On July 6, 2013he South African Litigation was called to trial and trial is presently scheduled to commence on June 2, 2014.

20. On May 12, 2014 plaintiff received a letter from the Wanchoo Law Offices represent-ting AEN which demanded arbitration, appointed an arbitrator on behalf of AEN, and set forth the basis of the claims, which AEN proposes to submit to arbitration. In its demand for arbitration, AEN requires that plaintiff appoint its arbitrator within 20 days from the date of receipt of the arbitration demand, June 1, 2014.

21. In the event SAB does not appoint its arbitrators, then AEN asserts its right under the SMA Rules to designate an arbitrator on behalf of SAB.

22. In a letter addressed to SAB and mailed the following day, AEN demands that SAB post security of US$ 6,200,000 as follows: (a), $950,000, representing AEN's legal costs incurred in defending the South African Litigation, (b) $750,000 representing anticipated legal costs to be incurred by AEN in prosecuting the New York arbitration, and $4,500,000 representing the amount for which AEN alleges it is entitled to be indemnified in the event SAB is successful in the South African litigation.

23. In its demand for security, AEN requires that SAB provide that security within seven business days of the date of the demand, or May 22 2014, and if SAB does not provide the requested security, AEN has threatened to take legal measures such as attachment of SAB's assets to obtain the security.

Complaint                                                                                                        5

### AS AND FOR A
### FIRST CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

24. Plaintiff repeats realleges each and every allegation hereinbefore set forth in paragraphs 1 through 23 hereof with the same force and effect as though the same were more fully set forth herein at length.

25. The bills of lading annexed hereto as Exhibit 1 do not contained an arbitration clause, nor do they incorporate or contain any reference to any charter party that contains an arbitration clause.

26. Furthermore, Section 3 of South African COGSA specifically denies application of any arbitration clause to a dispute involving a South African citizen who imported cargoes into South Africa

27. By reason of the premises, SAB has no obligation to arbitrate its claims for cargo damage with AEN and the demand for arbitration should, in all respects, the declared null, void and of no effect.

### AS AND FOR A
### SECOND CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

28. Plaintiff repeats realleges each and every allegation hereinbefore set forth in paragraphs 1 – 23, 25-27 hereof with the same force and effect as though the same were more fully set forth herein at length.

29. From the outset of the South African Litigation, AEN was aware of the presence of an arbitration clause in a certain charter party entered into between SAB and CASL, Malta, Ltd,

litigation in South Africa but despite the possible availability of that forum, AEN chose to continue with South African Litigation.

30. Similarly, in late 2008, after the damage to SAB's cargo was known and after a complaint had already been filed in South Africa against the Vessel, AEN's arbitration in New York specifically did not include an dispute involving cargo damage or SAB's related cargo claim.

31. AEN has continually and actively conducted its defense in the South African Litigation for a period of over 5 1/2 years, and during that time has not taking any active steps to further arbitration.

32. AEN has continually and actively conducted its defense in the South African Litigation for a period of over 5 1/2 years causing SAB to incur substantial legal fees and expenses in preparing for trial in South Africa.

33. The South African Litigation will cover and include all of the issues that would have been arbitrated between the parties had the matter proceeded to arbitration in New York, and a determination by the South African court will act as res judicata or collateral estoppel on all issues that would be referred to the SMA arbitration.

34. Trial in the South African Litigation is scheduled to commence on June 2, 2014, and plaintiff SAB is preparing and intends to present its case to South Africa Court beginning on that day.

35. By reason of the premises, this Court should declare that defendant AEN has waived its right to arbitration, and it's demand of May 12, 2014 is in all respects, null, void and/or unenforceable.

### AS AND FOR A
### THIRD CAUSE OF ACTION
### FOR AN INJUNCTION

36. Plaintiff repeats realleges each and every allegation hereinbefore set forth in paragraphs 1 – 23, 25-27, 29- 35 hereof with the same force and effect as though the same were more fully set forth herein at length.

37. By reason of the premises any arbitration proceeding would be duplicative of the South African Litigation, and AEN should be enjoined from commencing arbitration in New York, and further be enjoined from exercising or enforcing any preliminary relief such as attachment or sequestration of assets or the like against SAB, other than any right to countersecurity to which AEN may be entitled in the South African Litigation.

### AS AND FOR A
### FOURTH CAUSE OF ACTION
### FOR AN INJUNCTION

38. Plaintiff repeats realleges each and every allegation hereinbefore set forth in paragraphs 1 – 23, 25-27, 29- 35 and 37 hereof with the same force and effect as though the same were more fully set forth herein at length.

39. Plaintiff's damages are contingent, speculative, unavailable, and without substance, yet AEN has demanded that SAB post security for these alleged damages.

40. By the premises, defendant AEN's should be enjoined from obtaining or enforcing any demand for security in the form of an attachment or sequestration of SAB's assets.

WHEREFORE plaintiff The South African Breweries Limited respectfully prays

Complaint                                                                                                                    8

    a.    That judgment be entered declaring that Atlantic Energy Navigation Ltd.'s demand for arbitration be declared null, void and of no effect, and

    b.    That defendant Atlantic Energy Navigation Ltd. be enjoined from proceeding with arbitration, and

    c.    That defendant Atlantic Energy be enjoined from obtaining any preliminary relief against the assets or belongings of The South African Breweries, Limited, or any of its subsidiaries, affiliates or parents

Dated:    New York: N.Y.
              May    2014

HILL RIVKINS LLP
*Attorneys for Plaintiff*
By:

_____
    Caspar F. Ewig

45 Broadway, 15th Floor
New York, NY 10006