UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SOUTH AFRICAN BREWERS PVT. LTD.
f/k/a SOUTH AFRICAN BREWERS LIMITED                              Docket No.

                                  Plaintiff,

    - against –                                                    Civ.

ATLANTIC ENERGY NAVIGATION
LIMITED

                                 Defendants.
------------------------------------------------------------------X


**AFFIRMATION OF CASPAR F EWIG, ESQ.**

CASPAR F EWIG, an attorney licensed pursuant to the laws of the state of New York does, under penalties of perjury, affirm as follows:

    1.    I am Of Counsel **to** Hill Rivkins LLP, attorneys for South African Breweries , Limited (hereinafter " SAB"), , the plaintiff herein and I make this affirmation pursuant to my personal knowledge, as well as from documents, records contained in my files.

    2.    I refer to the affirmation of Peter Edgcumbe Lamb, Esq. (the "Lamb Affirmation") submitted herewith for the details concerning the litigation presently pending in South Africa (hereinafter the "South African Litigation").

    3.    On May 12, 2014, our client SAB received an e-mail from the Wanchoo Law Offices acting as counsel for Atlantic Energy Navigation, Limited (hereinafter "ADL"), and referring to a charterparty between SAB and CSA L, Malta, Ltd. AEN demanded that the dispute presently pending before the courts in South Africa (hereinafter the "South African litigation") be referred to arbitration in New York. A copy of the letter is annexed hereto as Exhibit A

4. As part of the demand, counsel for AEN appointed its arbitrator, and stated that, if SAB did not nominate its arbitrator within 20 days from the date of receipt of the notice of arbitration, AEN would avail itself of the rights under SMA Rule 10 which provides that upon the failure of the respondent to appoint its arbitrator, "… the party demanding arbitration may appoint a second Arbitrator with the same force and effect as if that second Arbitrator were appointed by the other party…"

5. The arbitration demand was received by our client, as well as by our client's South African attorneys on May 12 2014, so that SAB must appoint an arbitrator on or before June 1, 2014.

6. As is noted in the accompanying Lamb Affirmation, south African Law would not apply the arbitration to the shipment involved, and even were it to apply the arbitration clause of the charter party, the right to arbitrate would have been waived in light of the extreme delay and the fact that it is being requested less than two weeks prior to trial.

7. Accordingly, AEN will not be able to meet its burden to its right to arbitration and SAB will be irrevocably harmed if AEN is permitted to appoint SAB's arbitrator.

8. In addition, on May 13, 2014.  The Wanchoo Law Offices and dispatched another e-mail letter to SAB demanding that SAB post security in the amount of $6,200,000.  With the possible exception of the claim for $950,000 covering the legal costs incurred by AEN in  the South African Litigation, the remainder of the demand is insubstantial in that it includes a demand for discretionary legal fees  of $750,000, which defendant believes it might incur and be awarded in a New York arbitration, and a claim for $4,500,000 which represents the *ad damnum* in the South African Litigation and for which it has given security in the form of a Letter of Undertaking.   A copy of the May 13, 2014 letter is annexed as Exhibit B

9. In a proceeding under the auspices of the Society of Maritime Arbitrators ("SMA") the award of legal fees to a successful party is entirely discretionary, and, under the circumstances in this case, where such legal fees would be duplicitous of those already incurred in the South African Litigation, and since this duplication of fees is entirely due to defendant's own acts in delaying demand for arbitration, it is submitted that the arbitrators under SMA Rules would withhold and not award defendant additional legal fees.

10. Similarly, securing, the *ad damnun* in the South African Litigation also makes no sense. Assuming SAB obtains a judgment against AEN in the South African Litigation prior to any decision of the arbitrators in the New York arbitration, then the findings of fact in the South African litigation would be *res judicata* or, at the very least, would result in a collateral estoppel or issue preclusion to the extent the findings were on issues that had been raised, litigated and adjudicated. In such an instance arbitrators could not conclude that plaintiff owes any money to defendant and, therefore, there is nothing to secure.

11. Similarly, were the arbitrators to conclude that plaintiffs could not recover against defendant, then there would be nothing that defendant would have to pay under the Letter of Undertaking, and thus there is nothing that needs to be secured. A copy of the Letter of Undertaking is annexed as Exhibit C

12. In light of the foregoing, it is submitted AEN will be unable to meet its burden to show a prima facie case in support of any request for security.

Dated:   New York, N.Y.
         May 20, 2014

_____
                    Caspar F. Ewig