Wanchoo Law Offices, LLP
Empire State Building, 59th Floor
New York, NY 10118

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SOUTH AFRICAN BREWERIES PTY. LTD. *f/k/a* SOUTH AFRICAN BREWERIES LIMITED,<br><br>        Plaintiff,<br><br> -against-<br><br>ATLANTIC ENERGY NAVIGATION, LTD.,<br><br>        Defendant. | **ECF CASE**<br><br>14 Civ. 3609 (JSR)<br><br><br>**DECLARATION OF RAHUL WANCHOO**_____ |

   RAHUL WANCHOO declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

   1. I am partner with The Wanchoo Law Offices, LLP attorneys for defendant Atlantic Energy Navigation, Ltd. ("AEN") in this action. I make this declaration based on personal knowledge, as well as from documents and records contained in my files. I take this opportunity to address some of the statements contained in the affirmation of Caspar F. Ewig dated May 20, 2014.

   2. In ¶ 9 of his affirmation, Mr. Ewig is of the opinion that New York arbitrators would not award any legal fees to AEN in their discretion. The SMA Rules to which the arbitration is governed provide that legal fees are awardable in "the prosecution or defense of the case." Hence, the arbitrators' authority to award legal fees to the prevailing party in the arbitration cannot be by definition "duplicitous" of those incurred in the South African litigation. Whether or not the arbitrators would award legal fees to AEN in prosecuting the New York

arbitration must of course abide the event.  I do not know how Mr. Ewig could possibly know what they would do when no evidence as yet has been submitted to the arbitrators.

3. In ¶ 10 of his affirmation, Mr. Ewig further states, without any legal authority in support, that the "findings of fact in the South African litigation would be *res judicata* or, at the very least, would result in a collateral estoppel or issue preclusion to the extent the findings were on issues that had been raised, litigated and adjudicated."  Of course, the relief sought by AEN in New York arbitration is different and distinguishable from the cargo claim being litigated in South Africa.  (A copy of the letter demanding New York arbitration is attached as Exhibit A.)  Please see the declaration from AEN's South African solicitor, Thavaraj Reddy, accompanying this declaration, in which he notes that the relief sought by AEN in New York has not been asserted in the South African litigation.  Therefore, there could be no *res judicata*, collateral estoppel, or issue preclusion issues involved.

4. A copy of the Charter Party dated February 12, 2008, is attached as Exhibit B.

5. In ¶ 11 of Mr. Ewig's affirmation, he further opines that AEN has no need for security.  The same could be true for SAB.  If SAB loses in the South African litigation, there is no need for security from AEN.  Yet, the plaintiff has obtained security from AEN and holds $4.5 million in security today.  AEN has an equal right to security for its claim.

6. Plaintiff has today, May 22, filed an application with the South African court seeking additional security from AEN.  A copy of plaintiff's application papers are attached as Exhibit C.

Executed on May 22, 2014, at New York, New York.

/s/ *Rahul Wanchoo*
Rahul Wanchoo