UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE SOUTH AFRICAN BREWERIES
PTY. LTD., f/k/a SOUTH AFRICAN
BREWERIES LTD.,

                Plaintiff,

      -against-

ATLANTIC ENERGY NAVIGATION LTD.,

                Defendant.

14 Civ. 3609 (JSR)

---

**DEFENDANT'S MEMORANDUM OF LAW IN REPLY TO THE REQUEST FOR
INJUNCTIVE RELIEF AND IN SUPPORT OF ITS CROSS-MOTION TO SEEK
<u>SECURITY FOR ITS CLAIM IN NEW YORK ARBITRATION</u>**

**WANCHOO LAW OFFICES, LLP**
Attorneys for the Defendant
350 Fifth Ave., 59th Floor
New York, NY 10118
(646)  593-8866

May 30, 2014

-i-

# TABLE OF CONTENTS

Page

Table Of Authorities ..................................................................................................................... ii

Preliminary Statement.....................................................................................................................1

Facts .................................................................................................................................................2

Argument—

       POINT I
       The Court Should Deny SAB's Application for Injunctive Relief .....................................2

       POINT II
       AEN Should Be Permitted To Seek Security For Its Claim In New York Arbitration….. 5

Conclusion .......................................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

Cases:

*AT & T Technologies, Inc. v. Communications Workers of America*,
    475 U.S. 643 (1986)……………………………………………………………… 6

*Bell v. Cendant Corp.*,
    293 F.3d 563 (2d Cir. 2002)......................................................................................5

*Dean Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985)................................................................................................3n

*Doctor's Associates, Inc. v. Distajo*,
    66 F.3d 438 (2d Cir.1995)........................................................................................5

*Expressions Hair Design v. Schneiderman*,
    975 F. Supp. 2d 430 (S.D.N.Y. 2013).....................................................................3

*Grand River Enterprise Six Nations, Ltd. v. Pryor*,
    481 F.3d 60 (2d Cir.2007)........................................................................................2

*In re Fenofibrate Patent Litigation*,
    972 F. Supp. 2d 655 (S.D.N.Y. 2013).....................................................................4n

*New York Health & Human Services Union v. NYU Hospital Center*,
    343 F.3d 117 (2d Cir. 2003)…………………………………………………… 6

*Odfjell ASA v. Celanese AG*,
    04 Civ. 1758 (JSR), 2004 WL 1574728 at 2 (S.D.N.Y. 7/14/04).........................4

*Rodriguez v. DeBuono*,
    175 F.3d 227 (2d Cir. 1999).....................................................................................2

*S & R Co. of Kingston v. Latona Trucking, Inc.*,
    159 F.3d 80 (2d Cir.1998), *cert. denied*, 528 U.S. 1058 (1999)..........................5

*Schnabel v. Trilegiant Corp.*,
    697 F.3d 110 (2d Cir. 2012).....................................................................................4n

*Winter v. Natural Resources Defense Council, Inc.*,
    555 U.S. 7 (2008).....................................................................................................4n

<u>Statutes</u>:

9 U.S.C. § 8.................................................................................................................................3n

**PRELIMINARY STATEMENT**

On May 12, 2014, Defendant Atlantic Energy Navigation, Ltd. ("AEN") demanded arbitration in New York of Plaintiff, The South African Breweries Ptd. Ltd. ("SAB"), by appointing an arbitrator in accordance with the arbitration clause in a charter party for the M/V Atlantic Navigator.  Rather than appoint an arbitrator, SAB responded to the demand by starting the present action on May 20.  The relief sought by SAB is two-fold:  a) a declaratory judgment that SAB is not obligated to arbitrate the dispute; and b) an injunction prohibiting AEN from both proceeding with the arbitration and obtaining related security, *e.g.*, a Rule B attachment.

At a May 23 conference, the Court scheduled the hearing on the preliminary injunction for June 3.  Prior to this conference, SAB served papers that morning in support of its application; and the Court gave AEN leave to put in a response by May 30.  The purpose of this Memorandum, as well as the accompanying supplemental declarations of Thavaraj Reddy and Rahul Wanchoo, is to respond to SAB's reply submissions.  AEN's papers are also submitted in support of its cross-motion for an order vacating or lifting the TRO in order to permit AEN to seek security for its claims in New York arbitration.

AEN opposes the issuance of any injunction prohibiting it from asserting its contractual right to arbitrate "any dispute" with SAB in New York, and opposes the prohibition of its right to secure its claims in New York arbitration.

## FACTS

The facts relevant to next week's hearing on the preliminary injunction are convoluted, but are summarized in AEN's prior memorandum.  In summary, AEN carried SAB's cargo pursuant to a charter party containing a New York arbitration clause.  SAB has claimed that the cargo was delivered damaged and has brought suit in South Africa.  AEN contends that this suit violates the arbitration clause in the governing contract and has demanded arbitration in New York.  SAB's response is the present action to block the arbitration and any effort of AEN to seek security for its claims.

## ARGUMENT

## POINT I

### THE COURT SHOULD DENY SAB'S APPLICATION FOR INJUNCTIVE RELIEF

The most important prerequisite for a preliminary injunction is a showing of irreparable harm.  *Rodriguez v. DeBuono*, 175 F.3d 227, 233-34 (2d Cir. 1999).  SAB has to establish a harm that is "actual and imminent" and for which one cannot wait, in this particular case, until the Court determines the issue of arbitrability.  *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir.2007).

In its May 23 memorandum at Point I, SAB offered three potential harms; and none suffices.  The first is the risk that if SAB fails to name an arbitrator in a timely fashion, then SAB can, under the applicable arbitration rules, do so on SAB's behalf.  The simple solution to this conundrum is for SAB to name an arbitrator, while making it clear that it was doing so without prejudice to its position on arbitrability.

SAB states that this obvious step "merely postpones the problem, it does not solve it." (Memo., p. 1). But that misses the point of the issue presently before the Court. If a problem is delayed, then there is no "actual and imminent" harm; and hence no need for an injunction.

The next "harm" mentioned by SAB in its Memorandum is the risk of dual proceedings in South Africa and New York, "each trying to reach its conclusion before the other can make its work worthless." The result will be "a colossal waste of time, energy and expense." (Memo., p. 1).[1]

The problems here are two-fold. First, SAB again misses the point: The two proceedings are not doing the same thing. The litigation in the South African court is solely concerned with the merits of SAB's cargo claim. By contrast, the New York arbitration is concerned with whether a) SAB breached the Charter Party by pursuing its cargo claim in South African litigation,[2] and b) SAB's cargo claim is now time barred in New York. Whatever happens in one proceeding will not be determinative in the other. (See Reddy Supp. Decl., ¶ 7 – "The simple point is that, as noted previously, the New York arbitration will have no effect whatsoever on the South African proceedings.")

As to the added expense, this factor is frankly one of SAB's own making. If it had complied with the arbitration clause in the Charter Party in the first place and not pursued the South African litigation, then there would not be the overlap of which it complains.

Be that as it may, though, this risk of added expense is not a harm that is either

---

[1] "[T]he Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985).

[2] The Federal Arbitration Act recognizes that a party can obtain security for its maritime arbitration claim. 9 U.S.C. § 8. But SAB went beyond getting security to actively litigating the claim in the foreign court.

"irreparable" or "actual and imminent" to warrant issuance of a preliminary injunction.  As the Court has previously noted, "Monetary harms are usually not irreparable."  *Expressions Hair Design v. Schneiderman*, 975 F. Supp. 2d 430, 450 (S.D.N.Y. 2013).

The final "harm" raised by SAB is the risk that, *if* it wins the arbitration, and *if* the arbitrators award SAB costs, then SAB may have trouble collecting.[3]  Again, this is a harm that is not "actual and imminent," and, in fact, is inherent in any litigation or arbitration.  In any event, the easy answer to this concern is that the Guarantee posted after the vessel's arrest in South Africa covers not only the South African litigation but also an arbitration award in New York.  (See Reddy Supp. Decl., Annex. 1).

Consequently, SAB cannot meet its burden of showing irreparable harm.  *See, e.g., Odfjell ASA v. Celanese AG,* 04 Civ. 1758 (JSR), 2004 WL 1574728 at *3 (S.D.N.Y. 7/14/04)(not officially reported)(movant "does not remotely carry [its] burden to make a 'clear showing' of irreparable harm.")(citations omitted).  That conclusion suffices to dispose of the request for a preliminary injunction.

But AEN should further note that SAB cannot also establish a likelihood of success on the merits as is its burden under Rule 65.

Because the parties apparently agree that there is a Charter Party with an arbitration clause, the *only* defense that SAB has raised is whether AEN has waived its right to arbitrate in New York by its participation in the South African litigation.  The final resolution of that

---

[3] "As any minimally sophisticated party seeking preliminary injunctive relief should be aware, the Supreme Court has held that such relief cannot be granted absent a showing that irreparable harm is 'likely,' rather than a mere 'possibility.'"  *In re Fenofibrate Patent Litigation*, 972 F. Supp. 2d 655, 658 (S.D.N.Y. 2013)(*quoting Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 22 (2008).

question will determine SAB's request for a declaratory judgment.[4]  AEN submits that the

difference in both purposes and issues between the two proceedings means that defending SAB's

cargo claim is not a waiver of AEN's right to arbitrate here.

Further, because of this difference between the two proceedings, AEN also contends that

SAB's waiver defense should be decided by the arbitrators, not the Court.  The New York

dispute is not the same as the South African dispute.  (See Reddy Supp. Decl., ¶¶ 4 & 11 and

Reddy Decl., ¶ 6.10).  *See Bell v. Cendant Corp.*, 293 F.3d 563, 569 (2d Cir. 2002); *S & R Co. of*

*Kingston v. Latona Trucking, Inc.,* 159 F.3d 80, 82–83 (2d Cir.1998), *cert. denied*, 528 U.S.

1058 (1999); *Doctor's Associates, Inc. v. Distajo,* 66 F.3d 438, 454-57 (2d Cir.1995).  As a

result, the likelihood that SAB will succeed on the merits for its requested relief, *viz.*, a

declaratory judgment based on the waiver defense, is nil.  AEN submits that the correct result in

this action is for the Court to order the parties to arbitration, with the arbitrators determining all

issues, including waiver.

## POINT II

### AEN SHOULD BE PERMITTED TO SEEK SECURITY
### FOR ITS CLAIM IN NEW YORK ARBITRATION

In the event the Court denies SAB's application for a preliminary injunction preventing

AEN from arbitrating its claims against SAB in New York, as urged by AEN, AEN should be

entitled to pursue its federal statutory right to obtain security from SAB where any assets or

property of SAB can be found.  9 U.S.C. § 8.  With a denial of the application for a preliminary

injunction, there will no longer be any reason or purpose to prevent AEN from seeking to secure

its claims against SAB.

---

[4] Given SAB's objection to the arbitration, the issue could also be forced by AEN making a motion under 9 U.S.C. § 4 to compel arbitration.

Even if the Court does not rule on SAB's application for a preliminary injunction on June 3, the TRO currently in place should be vacated or lifted in order to permit AEN to seek security against SAB wherever its assets or property can be found.  The law and equities weigh strongly in favor of allowing AEN to secure its claims against SAB:

- Section 8 of the Federal Arbitration Act, 9 U.S.C. § 8, specifically authorizes maritime claimants, with claims subject to arbitration, to seek security for their claims.

- SAB is currently holding $4.5 million in security for its claims against AEN.  (See Annex. 1 to Reddy Supp. Decl.).

- SAB has applied to the South Africa court for additional security in the amount of approximately $1.6 million for its claims against AEN (see Ex. C to Wanchoo Decl.), and is seeking to re-arrest the Atlantic Navigator for additional security (see Ex. 3 to Wanchoo Supp. Decl.).

- AEN has no security from SAB, yet SAB is seeking to preclude AEN from obtaining security for its claims against SAB in circumstances where it has held millions of Dollars in security from AEN for a period of over 5 years.

- SAB's opinion as to the merits of AEN's claims is irrelevant and, AEN submits, it should be ignored.  The merits of AEN's claims against SAB are to be determined by the arbitrators. *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 649-50 (1986); *New York Health & Human Services Union v. NYU Hospital Center*, 343 F.3d 117, 119 (2d Cir. 2003)("courts should not stray into the merits of the underlying grievance").

- Under South African law, AEN cannot obtain security from SAB in South Africa as a locally registered corporation.  (See ¶ 10 of Reddy Supp. Decl.).  So AEN's only option for security would be to locate SAB assets or property outside of South Africa.

- Under South African law, AEN could not enforce a New York arbitral award or judgment against SAB in South Africa.  (See ¶ 9 of Reddy Supp. Decl.).

- SAB currently continues to ship cargo for its business from ports outside of South Africa where the cargo could be arrested for security.  In fact, on May 30, SAB shipped a cargo of malt out of Antwerp, Belgium that would be subject to arrest as security.  (See Exs. 2 and 3 to Wanchoo Supp. Decl.).

For these reasons, AEN respectfully requests that the Court lift or vacate the TRO currently in place in order to allow it to seek security from SAB even in the event the Court does not rule on SAB's application for injunctive relief at the hearing on June 3.  The law and equities strongly favor the right of AEN to secure its claim pending New York arbitration.

## CONCLUSION

AEN respectfully submits that the Court should deny SAB's application for a preliminary injunction, and permit AEN to seek security from SAB for its claims pending New York arbitration.

Dated:  New York, New York
         May 30, 2014

**WANCHOO LAW OFFICES, LLP**
Attorneys for the Defendant

By: ___/S/ *Rahul Wanchoo*_____
        Rahul Wanchoo
Email: rwanchoo@wanchoolaw.com
350 Fifth Ave., 59th Floor
New York, NY 10118
(646)  593-8866